# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-2016V
Filed: June 17, 2024

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| CLARENCE PEACOCK | \* |
| Petitioner, | \* |
| v. | \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jessica Anne Olins*, Maglio Christopher & Toale, Seattle, WA, for Petitioner
*Ryan Pohlman Miller*, U.S. Department of Justice, Washington, DC, for Respondent

## RULING ON ENTITLEMENT[1]

**Oler**, Special Master:

On November 20, 2023, Clarence Peacock ("Mr. Peacock" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleges that the influenza (hereinafter "flu") vaccination he received on November 24, 2020 caused him to develop a shoulder injury related to vaccine administration (hereinafter "SIRVA"). *Id.*

On June 4, 2022, Respondent filed a Rule 4(c) Report in which he concedes that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner is entitled to compensation in this case. Resp't's Rep. at 1, 7, ECF No. 18. Specifically, Respondent states that Petitioner:

> had no history of pain, inflammation, or dysfunction of his shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of his condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.** A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

/s/ **Katherine E. Oler**
Katherine E. Oler
Special Master